Cite as 2022 Ark. App. 47

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-21-379

| | | |
|---|---|---|
| BOBBY PIXLEY, JR. | | **Opinion Delivered** February 2, 2022 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-20-555] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CANDICE A. SETTLE, JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Bobby Pixley appeals the amount of restitution he was ordered to pay following his guilty plea to two counts of arson. We affirm.

Pixley was charged with five felonies—two counts of arson, residential burglary, felon in possession of a firearm, and criminal mischief—as well as misdemeanor possession of marijuana and driving while intoxicated. He entered a negotiated plea of guilty in exchange for a sentence of forty years' imprisonment and twenty years' suspended imposition of sentence conditioned on his paying restitution upon his release. Following the entry of his guilty plea, a separate sentencing hearing was held to determine the amount of restitution.

Sarah Fryar was the sole witness to testify at the hearing. She testified that the fires set by Pixley completely destroyed her property, including a house and a trailer house. Fryar

said that she valued the house at $40,000, which she said was her estimate of what she "put into the house and what it could cost to replace everything." When asked about the contents of the house, she mentioned cabinets, tools, and other "minimal" items. Fryar testified that the trailer contained lumber and other materials and that the trailer and its contents were "possibly" worth $8000. She said that her grandmother gave her the property, and she did not have any insurance. Fryar said that she also had to pay a $750 bill from the fire department and $2000 in cleanup costs. On cross-examination, Fryar testified that she did not know the year, the model, or the manufacturer of the trailer house, and she had not priced any new mobile homes to put on the lot.

Pixley argued that the State had failed to present sufficient evidence for the court to determine what the mobile home or the trailer was worth. The State argued that Fryar's testimony was sufficient to establish the value of her property. After taking the matter under advisement, the circuit court ordered that Pixley pay restitution in the amount of $42,750, which included $40,000 for the home, $2000 in cleanup costs, and $750 for the fire-department bill. The court found that Fryar was unsure about the value of the trailer and its contents and declined to order restitution for that property.

On appeal, Pixley argues that the court's finding as to restitution was not supported by substantial evidence. Because this appeal raises only an issue of sentencing rather than requiring a review of the plea itself, the appeal is properly before this court. *See Bushnell v. State*, 2020 Ark. App. 566, 614 S.W.3d 476. Pursuant to Arkansas Code Annotated section 5-4-205(a)(1) (Supp. 2021), a defendant who enters a plea of guilty may be ordered to pay restitution. Whether a circuit court or a jury, the sentencing authority shall make a

determination of actual economic loss caused to a victim by the offense. Ark. Code Ann. § 5-4-205(b)(1). The determination of the amount of loss is a factual question to be decided by the preponderance of the evidence presented to the sentencing authority during the sentencing phase of a trial. Ark. Code Ann. § 5-4-205(b)(4). The question on appeal is whether there is substantial evidence to support the amount of restitution. *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006).

Pixley argues that Fryar had no proof of the estimated $40,000 loss on her home. He notes that she had not priced new mobile homes to establish a replacement cost, and she admitted that the home contained "minimal' items. He contends that the court's valuation was based on woefully deficient testimony, which resulted in the court making a valuation based on speculation and conjecture. We disagree. An owner of property is competent to testify as to the value of his or her own property. *Woodson v. State*, 2009 Ark. App. 602, 374 S.W.3d 1. Fryar testified that the value of her property was $40,000 and that this was based on what she "put into the house and what it could cost to replace everything." Pixley established on cross-examination that Fryar had not priced "new mobile homes," but he did not offer anything to suggest that Fryar's valuation was excessive. Because Fryar was competent to testify as to the value of her property and Pixley offered no evidence to contradict her opinion, we affirm the circuit court's order as to restitution.

Affirmed.

HARRISON, C.J., and HIXSON, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.